IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| W.L. GORE & ASSOCIATES, INC., | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 11-539 (JBS-KMW) |
| v. | **MEMORANDUM OPINION** |
| AGA MEDICAL CORP., et al., | |
| Defendants. | |

**SIMANDLE,** District Judge:

   This matter is before the Court on two motions.  First filed was the motion of Defendants AGA Medical Corp. ("AGA Medical") and AGA Medical Holdings Inc. ("AGA Holdings") to dismiss for lack of subject matter jurisdiction and personal jurisdiction or to transfer venue [Docket Item 6].  In response, Plaintiff filed its motion for jurisdictional discovery on issues relating to personal jurisdiction and to amend the briefing schedule for Defendants' motion to dismiss [Docket Item 12].  THE COURT FINDS AS FOLLOWS:

   1. On June 16, 2011, Plaintiff W.L. Gore & Associates Inc. filed this declaratory judgment action seeking a declaratory judgment that its "Septal Occluder" medical device does not infringe on either of two of Defendant AGA Medical's patents.

   2. Defendants have moved to dismiss the action.  Defendants argue that subject matter jurisdiction does not exist in this

action because no actual controversy exists between Plaintiff and either Defendant. As to Defendant AGA Holdings, Defendants argue that no realistic threat of patent suit exists because AGA Holdings is not the owner of the patents at issue in this action. As to Defendant AGA Medical, the owner of the patents, Defendants argue that no realistic threat of patent suit existed at the time the declaratory judgment action was brought because AGA Medical had not yet been able to adequately investigate W.L. Gore's "Septal Occluder" device in order to determine whether or not it would be able to bring suit. Additionally, Defendants have moved to dismiss for lack of personal jurisdiction as to Defendant AGA Medical, claiming Plaintiff has provided no proof of sufficient contacts with Delaware to be amenable to suit in that forum. Alternatively, Defendants have moved to transfer the venue of the action to the District of Minnesota, where the parties are currently engaged in a patent suit involving one of the identified patents in this action, and potentially involving the identified product as well.

3. Plaintiff, in lieu of filing any opposition to Defendants' motion, filed the instant motion for jurisdictional discovery and for an alternative briefing schedule for Defendants' motion. Plaintiff argues that it is unable to adequately oppose Defendants' motion to dismiss AGA Medical for lack of personal jurisdiction without certain discovery on AGA

Medical's contacts with Delaware.  Specifically, Plaintiff alleges that AGA Medical has contacts with Delaware through training it provides to physicians in Delaware, and through sales of products in the state (though a wholly-owned subsidiary), as well as by directing its threats of patent infringement suit at Plaintiff W.L. Gore, which is incorporated in Delaware (though it is headquartered in Arizona).  Plaintiff also seeks discovery on "other contacts that Defendants may have with Delaware," and "the allegations contained in the declarations filed by Defendants in support of their Motion to Dismiss."  Pl.'s Br. at 3.  Plaintiff argues that it needs discovery from Defendant AGA Medical on these issues in order to satisfy its burden of proof that personal jurisdiction exists in Defendants' motion to dismiss.

    4.  The Third Circuit has stated that when a defendant moves to dismiss for lack of personal jurisdiction and the plaintiff seeks jurisdictional discovery, the district court should

> assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous.  If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained.

Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003) (internal citations and quotation marks omitted).

5. The Court will permit Plaintiff to conduct limited jurisdictional discovery. The Court finds that Plaintiff's request to conduct discovery regarding AGA Medical's practice of training doctors in Delaware could, theoretically, produce evidence that Defendant AGA Medical's contacts with Delaware are so continuous and substantial as to permit the exercise of general jurisdiction over Defendant in the forum. Similarly, discovery related to the sale of AGA Medical's products in Delaware, through Amplatzer Medical Sales, a wholly owned subsidiary, could theoretically establish general jurisdiction if such sales are of a sufficiently substantial volume, and if Plaintiff could establish that Amplatzer's actions could be attributable to AGA Medical. Plaintiff may also pursue discovery related to Amplatzer's sales, licensing and indemnity agreements with AGA Medical, in pursuit of its claim that the actions of Amplatzer can be attributable to AGA Medical.

6. However, the Court finds that Plaintiff's requests to pursue jurisdictional discovery regarding other unspecified contacts that Defendants may have with Delaware and the unspecified allegations in the declarations filed by Defendants in support of their motion to dismiss are not "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts" of AGA Medical with

Delaware to warrant additional jurisdictional discovery. <u>Toys "R" Us</u>, 318 F.3d at 456.

7. The Court therefore will grant Plaintiff's motion for jurisdictional discovery limited to the topics specified in paragraph 5 above. Limited, expedited discovery will be ordered. Plaintiff may seek this discovery through interrogatories and document requests related to these topics, though Plaintiff has not articulated any basis why depositions will be necessary. Plaintiff may serve interrogatories and document requests on Defendants not later than January 21, 2012. Defendants' written responses and objections to these interrogatories and document requests will be due no later than February 2, 2012. Plaintiff's brief in opposition to Defendants' motion to dismiss shall be filed by February 9, 2012, with Defendants' brief in reply due no later than February 16, 2012. The accompanying Order shall be entered.

January 17, 2012
Date

JEROME B. SIMANDLE
United States District Judge